E-FILED
Thursday, 19 October, 2017  11:40:31 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL C. SLAUGHTER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER RUTLEDGE, WILLIAM )<br>ENGLAND, KIM NUSS, OSF )<br>HOSPITAL, & PEORIA POLICE )<br>DEPARTMENT )<br>)<br>Defendants. ) | Case No.  1:17-cv-1463-JBM-JEH |

## **MERIT REVIEW ORDER**

Currently before the Court is Plaintiff's complaint filed under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court is required to screen the Plaintiff's complaint in order to identify and dismiss any legally insufficient claim or an entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

All of Plaintiff's claims arise from an incident that occurred on January 14, 2017, at OSF Saint Francis Hospital ("OSF") in Peoria where Plaintiff was being treated in the emergency room for alcohol poisoning. (Doc. 1 at 5). While at OSF, Plaintiff was arrested for aggravated battery of Defendant nurse Christopher Rutledge. *Id.* at 6-7. However, Petitioner alleges that those charges were fabricated and that Rutledge actually assaulted and/or battered Petitioner. *Id.* at 5-7. He brings claims for "aggravated battery/assault/physical disfigurement" and false

imprisonment against Rutledge; conspiracy and collusion against Rutledge, Defendant police officer William England, and Defendant Assistant State's Attorney Kim Nuss; and false arrest against Officer England.

The Court finds that Petitioner's complaint must be dismissed because he fails to state a claim under 42 U.S.C. § 1983. Furthermore, the Court declines to exercise supplemental jurisdiction over any of the remaining state law claims that may or may not be sufficiently pleaded.

**FACTUAL ALLEGATIONS**

Plaintiff's first claim is for "aggravated battery/assault/physical disfigurement of (R) index finger" against Defendant Rutledge. (Doc. 1 at 5). Petitioner claims that Rutledge "attacked and assaulted" him while he was a patient in OSF's emergency room with alcohol poisoning on January 14, 2017. *Id.* He alleges that, "As I was trying to stagger from a wheelchair to walk, Nurse Rutledge tosses aside his clipboard and body slams himself onto my head and neck on a nearby gurney a couple times and my right index finger got broken". *Id.* Slaughter claims that there has "been a knot in the side of my neck and my finger's been swollen for almost a year now (8 month[s])". *Id.*

Petitioner's second claim alleges that Rutledge falsely imprisoned him when Rutledge "came out of no where, started thrashing me, put me in restraints and somehow made me unconscious before having me arrested for assaulting him." (Doc. 1 at 6).

2

Petitioner's third claim alleges that Officer England, Assistant State's Attorney Nuss, and Rutledge conspired and colluded against him instead of holding Rutledge accountable for his criminal assault. *Id.*

Lastly, Plaintiff asserts a false arrest claim against Officer England. (Doc. 1 at 6). While Petitioner was being treated at OSF, he was arrested by Officer England for aggravated battery on Rutledge. *Id.* at 7. Petitioner claims that video footage shows that he simply refused treatment and wanted to leave the hospital. *Id.* at 6. He alleges that the fact that he was released from jail without having to pay bail is "proof" that the aggravated battery charge was "bogus." *Id.* at 7.

## DISCUSSION

In reviewing the Complaint, the Court accepts the factual allegations as true, and liberally construes them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Plaintiffs must provide enough facts to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citations and quotations omitted). Jurisdiction in this Court is purportedly based on 42 U.S.C. § 1983. As Plaintiff's battery, assault, and false imprisonment claims are all state law causes of action, the only grounds in Petitioner's complaint that could support a § 1983 claim are Petitioner's false arrest and conspiracy claims. However, Plaintiff fails to state a claim under § 1983 based on theories of either false arrest or conspiracy.

First, to state a claim for false arrest under § 1983, a plaintiff must plead that the defendant lacked probable cause for arrest. *Gardunio v. Town of Cicero*, 674 F.Supp.2d 976, 984 (N.D. Ill. 2009). Petitioner alleges that he was falsely arrested for

3

aggravated battery of Defendant Rutledge. It appears that Petitioner pleaded guilty to that charge and was sentenced to two years. *See* Doc. 1 at 7.

*Heck v. Humphrey*, 512 U.S. 477 (1994), "bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004) (Citing *Heck*, 512 U.S. at 486-87)). "Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Id.* If a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's actual or potential conviction, the suit is barred and the complaint must be dismissed. *Id.*

Here, Plaintiff does not allege that his aggravated battery conviction was nullified. Rather, Petitioner specifically states that he pleaded guilty to that charge and was sentenced to two years. Because a judgment in Slaughter's favor would necessarily imply the invalidity of his aggravated battery conviction, his false arrest claim is *Heck*-barred.

Second, to establish § 1983 liability through a conspiracy theory, "a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Lewis v. Miller*, 677 F.3d 324, 333 (7th Cir. 2012) (citations omitted).

Plaintiff fails to state a claim for conspiracy against Officer England, Assistant State's Attorney Nuss, and Rutledge. He pleads that those three Defendants

4

conspired and colluded against Petitioner "instead of holding Rutledge accountable for his criminal assault when they witnessed the surveillance video for themselves . . . ." (Doc. 1 at 6). "Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden[;] a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds." *Evers v. Reak*, 21 F.App'x 447 (7th Cir. 2001) (citing *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000) (affirming dismissal of § 1983 complaint alleging conspiracy because "[m]erely asserting that a conspiracy existed did not fulfill Evers's burden.")). Slaughter's allegations fall far short of meeting the Seventh Circuit's requirement that a claim of conspiracy be pleaded with specificity. *See id.*

The remainder of Plaintiff's claims are based in state law against a private individual (nurse Rutledge). To state a claim under § 1983, the plaintiff must allege that the defendant violated his rights under the *federal* Constitution. *See* 42 U.S.C. § 1983. Slaughter's allegations that Rutledge violated state law fail to state a claim under § 1983. *See Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) (holding that a violation of state law "is not a *per se* violation of the federal Constitution. The federal government is not the enforcer of state law."); *Lennon v. City of Carmel, Ind.*, 865 F.3d 503, 508-09 (7th Cir. 2017) (dismissing Plaintiffs' state law claims because they did not "engage[] the federal constitution"). The Court declines to exercise supplemental jurisdiction over any state claims alleged by Plaintiff. *See* 28 U.S.C. § 1367(c); *see also City of Chicago v. Intern. College of Surgeons*, 522 U.S. 156 (1997) (declaring that pendent jurisdiction is a discretionary choice); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) (noting a

presumption against retaining supplemental jurisdiction over state law claims).[1] Therefore, all claims filed are dismissed.

## CONCLUSION

For these reasons, the Court finds Plaintiff has failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The case is dismissed.

IT IS ORDERED:

1) Plaintiff's complaint is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The court also declines to exercise supplemental jurisdiction over any intended state law claims. *See* 28 U.S.C. § 1367.

2) Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

3) Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) and Motion to Request Counsel (Doc. 4) are DENIED AS MOOT with leave to reassert if he files an amended complaint.

---

[1] Plaintiff purportedly brings claims against the Peoria City Police Department, but they are not a suable entity apart from the City of Peoria. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011); *West By & Through Norris, v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Meek v. Springfield Police Dep't*, 990 F.Supp. 598, 601 (C.D. Ill. 1998).

Entered this 18th day of October, 2017.

                                                                            s/ Joe B. McDade
                                                          JOE BILLY McDADE
                              United States Senior District Judge