**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| MICHAEL C. SLAUGHTER, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER RUTLEDGE, WILLIAM )<br>ENGLAND, OSF HOSPITAL, & CITY OF )<br>PEORIA, )<br>)<br>Defendants. ) | Case No. 1:17-cv-1463-JBM-JEH |

# DEFENDANT CITY OF PEORIA AND WILLIAM ENGLAND'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

NOW COME Defendants, William England and the City of Peoria by and through their attorneys, City of Peoria Corporation Counsel Donald Leist and Assistant City Attorney Melodi D. Green, and for their Memorandum of Law in Support of their Motion to Dismiss tender the following:

## I. PREFATORY REMARKS

Plaintiff Michael Slaughter has filed an Amended Complaint pursuant to 42 U.S.C. Section 1983, against the City of Peoria and its police officer, William England. Plaintiff named Peoria OSF Hospital and Christopher Rutledge in its suit as well. Plaintiff, in his original complaint named Peoria County Assistant State's Attorney Kim Nuss as a Defendant, but omitted her as a party to his Amended Complaint. In his Amended Complaint, Plaintiff seeks One Million Dollars, view and release of the hospital surveillance video to the public and press,

firing of Defendant England, deletion of Plaintiff's aggravated battery arrest record, and a fifty percent reduction in his forgery sentence.

## II. FACTS

Plaintiff alleges that City of Peoria police officer William England "committed collusion (a conspiracy against me) and he was falsely arrested". Plaintiff's allegations arise out of an incident wherein the Defendant was arrested by Officer William England on January 14th, 2018. Said arrest resulted in the Peoria County State's Attorney charging the Plaintiff with one count of Aggravated Battery, a class 3 felony. (Case number 17 CF 163). A certified copy of the Bill of indictment and associated state court documents is attached hereto as Defendant's Exhibit A. Plaintiff was previously charged by the Peoria County State's Attorney with forgery in an unrelated (case number 16 CF 141). A certified copy of conviction and associated state court documents is attached hereto as Defendant's Exhibit B.

## III. ARGUMENTS

### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A PLAUSIBLE CLAIM FOR FALSE ARREST

First, The Plaintiff in his Amended Complaint claims that his Fourth Amendment rights were violated when he was arrested by Defendant England. However, the Plaintiff fails to allege any facts that demonstrate that Defendant England personally or individually participated in any kind of constitutional deprivation against the Plaintiff. In order to state a claim against any of the Defendants in their individual capacities, Plaintiff must allege personal wrongdoing on their part which contributed to the alleged deprivation of the Plaintiff's constitutional rights. *Aguilar v. Gason-Camara,* 861 F.3d 626 (7th Cir. 2017). Furthermore, while detailed factual allegations are not required, the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic v Twombly*, 550 U.S. at 555 (2007). "A court

2

considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Ashcroft v Iqbal*, 556 U.S. 662 (2009).

Here, the Plaintiff's sole allegations against Defendant England are that he, "committed collusion (a conspiracy against me) and I was falsely arrested". The Plaintiff also alleges that Defendant England, along with Defendant Rutledge, used Assistant State's Attorney Kim Nuss, in Plaintiff's, "snowballing of grief". These allegations are woefully inadequate to sustain Plaintiff's Fourth Amendment constitutional violation claim because they are insufficient, implausible, and simply mere conclusions that are according to *Iqbal*, not entitled to the assumption of truth. Also, the allegation that Defendant England used Assistant State's Attorney Kim Nuss actually alleges action taken against Kim Nuss, not the Plaintiff. Plaintiff's allegations are not only unsupported by factual allegations, Plaintiff's allegations are merely conclusory statements that fail to even provide a framework for this Court to consider.

Additionally, Plaintiff's case must be dismissed because he has failed to sufficiently plead that the Defendant lacked probable cause to arrest him, as is required to state a claim for false arrest. To state a claim for false arrest under Section 1983, a plaintiff must plead that the defendant lacked probable cause, *Gardunio v Town of Cicero*, 674 F. Supp.2d 976 (N.D. Il. 2009). The existence of probable cause to arrest bars a Section 1983 suit for false arrest. *Ibarra v City of Chicago*, 816 F. Supp.2d 541 (N.D. Il. 2011). Plaintiff's statement that, "there was no probable cause for my arrest after the video's viewing", is a simply a thin attempt to satisfy the pleading requirements that this Court deemed "vague and conclusory" in its Merit Review of the Plaintiff's original Complaint.

In his Amended Complaint, the Plaintiff recounts in detail the actions that Defendant England took prior to his arrest. Plaintiff stated that Defendant England was told by Defendant Rutledge that the Plaintiff hit Defendant Rutledge several times and chased him into an exam room. Plaintiff then goes on to state that Defendant England wrote in his police report that "he reviewed the emergency room surveillance video and that Rutledge's claim is in fact exactly what he (Defendant England) sees".

The Plaintiff's disagreement with what actually happened is of no consequence here. Because the Plaintiff actually stated in his own Amended Complaint that Defendant England received Defendant Rutledge's account of what happened AND subsequently viewed the video footage to corroborate that account, Plaintiff's own pleadings support a finding that probable cause did in fact exist at the time of the arrest, thus creating an impenetrable defense. In Atkins v City of Chicago, the Court stated, "It is possible for Plaintiff to plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). Plaintiff's own words in his Amended Complaint demonstrate that Plaintiff's Amended Complaint should be dismissed.

### B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM BASED ON *HECK V HUMPRHEY* AGAINST INDIVIDUAL DEFENDANT WILLIAM ENGLAND

Even if the Court finds that Plaintiff has alleged sufficient facts to sustain a claim for false arrest, The Plaintiff's case should nevertheless be dismissed pursuant to *Heck v Humphrey*, 512 U.S. 477 (1994). Plaintiff states that Defendant England "committed collusion (a conspiracy) against him and he was "falsely arrested." He goes on to state that he pled out to a four year sentence at fifty percent instead of two years at fifty percent in the forgery case that he was

4

previously charged with. Defendant even prays for relief that includes a fifty percent reduction in the sentence he agreed to in that forgery case.

Pursuant to *Heck,* a Plaintiff cannot maintain a Section 1983 action if the relief he seeks necessarily implies the invalidity of his criminal conviction or sentence. According to the Defendant, his sentence was increased two fold as a result of him being charged with aggravated battery which was the result of his arrest by Officer England, and as Exhibit A indicates, said aggravated battery was only dismissed *pursuant* to his acceptance of the increased sentencing in his forgery case.

Defendants point to the Plaintiff's prayer for relief for additional support that *Heck* bars the Plaintiff from maintaining a Section 1983 action because by asking that his sentence in the forgery case be reduced by fifty percent, the Plaintiff again ties his sentencing in the forgery case, directly to the aggravated battery case that is the subject of his arrest by Defendant England. Thus, granting a judgment in the Plaintiff's favor would impugn the sentence that was set forth at the time that his plea agreement was entered into.

### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO THE CITY OF PEORIA BECAUSE IT FAILS TO STATE A CAUSE OF ACTION AGAINST THE CITY OF PEORIA

Plaintiff's Amended Complaint fails to state a cause of action against the City of Peoria since he cannot state any factual allegations against it. Based on *Monell v Department of Social Services*, 436 U.S. 658 (1978), a municipality can only be held liable when it knowingly disregards known or obvious failures. *Crandall v Godinez*, 2015 WL 1539017 (CD Ill.2015), citing *Monell* Plaintiff must prove that a constitutional violation occurred and that the city was the moving force behind that violation. *Bryan County Oklahoma v Brown*, 520 U.S. 397 (1997). The Plaintiff has not, because he cannot, show that a constitutional

violation occurred, or that the city was the moving force behind any such violation, had it occurred.

Even if the Plaintiff did show that the Defendant England committed a constitutional violation, to establish, *Monell* liability, he would have to show that more than one instance occurred. *Thomas v Cook County Sheriff's Department*, 604 F. 3d 293, 303 (7th Cir. 2006). Lastly, since the Plaintiff cannot make out a constitutional violation against the individual Defendant William England, he cannot state a claim against the City of Peoria that employs him. *Hart v. Mannina*, 798 F. 3d 578 (7th Cir. 2015), citing *Los Angeles v Heller*, 475 US 796 (1986).

## **PRAYER FOR RELIEF**

WHEREFORE, for all the foregoing reasons, Defendants William England and the City of Peoria pray this Honorable Court dismiss Plaintiff's Complaint with prejudice and for such other relief as this Honorable Court deems fit and just.

>
> Respectfully Submitted,
> William England and The City of Peoria
> Defendants,
> By:  s/Donald B. Leist

Donald B. Leist, Corporation Counsel (#6198733)
Attorney for Defendant
419 Fulton Street #200
Peoria, Il 61602
Phone: 309.494.8590
Fax: 309.494.8559
E-mail: dleist@peoriagov.org

**PROOF OF SERVICE**

      The undersigned hereby states that he has served a copy of Defendant William England and City of Peoria's Motion to Dismiss and Memorandum of Law in Support by causing a copy of same to be deposited in an envelope and mailed with prepaid first-class postage addressed to the Plaintiff at:

Michael C. Slaughter, Jr.
Y21921
Sheridan Correctional Center
Attn: Legal Mail
4017 East 2603 Rd.
Sheridan, IL 60551-9502

on February 9, 2018

                                                s/ Donald B. Leist
                                                Donald B. Leist